Li v. Lynch

BIA
Poczter, IJ
A205 050 606/607

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:
　　　　JON O. NEWMAN,
　　　　ROSEMARY S. POOLER,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges.*

_____

XIAOHONG LI, WEIJUN DU, AKA WEI
JIAN DU,
　　　　*Petitioners,*

　　　　v.　　　　　　　　　　　　　　　　15-2261
　　　　　　　　　　　　　　　　　　　　NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONERS:　　　Jim Li, Flushing, N.Y.

FOR RESPONDENT:　　　Benjamin C. Mizer, Principal Deputy
　　　　　　　　　　　Assistant Attorney General; Kiley
　　　　　　　　　　　Kane, Senior Litigation Counsel;
　　　　　　　　　　　Robert Michael Stalzer, Trial
　　　　　　　　　　　Attorney; Office of Immigration
　　　　　　　　　　　Litigation, United States
　　　　　　　　　　　Department of Justice, Washington,
　　　　　　　　　　　D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Xiaohong Li and Weijun Du, natives and citizens of the People's Republic of China, seek review of a July 2, 2015, decision of the BIA affirming a March 14, 2013, decision of an Immigration Judge ("IJ") ordering their removal and denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaohong Li, Weijun Du*, No. A205 050 606/607 (B.I.A. July 2, 2015), *aff'g* No. A205 050 606/607 (Immig. Ct. N.Y. City Mar. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Li's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a negative credibility finding on inconsistencies or omissions in an asylum applicant's

2

statements, her witness's statements, and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The record supports the agency's determination that Li was not credible.

The agency reasonably relied on an inconsistency between Li's testimony and the record evidence regarding whether her husband and brother were beaten in detention, and on an omission regarding the extent of her brother-in-law's injuries. *See Xia Xia Lin*, 534 F.3d at 166-67 & n.3. Li testified that her husband and younger brother were not physically mistreated in detention, while her asylum application reported that they were "severely beaten." And Li's husband Du testified that Li's brother-in-law sustained a broken leg from police beatings, while Li's testimony, asylum application, and a letter from her brother-in-law omitted this allegation. The IJ was not compelled to credit Li's explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

3

to credit his testimony." (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

The agency also did not err in concluding that Li's corroborating evidence was insufficient to rehabilitate her credibility because it was itself inconsistent with her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question."). Li's argument that the agency should have allowed her to submit additional corroborating evidence is not properly before us, as Li did not raise the argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). And the argument is meritless: the agency was not required to give Li an opportunity to supplement the record with additional corroborating evidence intended to rehabilitate her previous omission. It was Li's burden to provide such evidence in the first instance. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2006) (holding that alien has burden to produce "evidence without prompting from the IJ").

Given the inconsistent testimony and omission regarding the sole incident of persecution on which Li's application was

4

based, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk